IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL RURAL UTILITIES COOPERATIVE FINANCE CORPORATION, *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civ. No. 09-111-SLR |
| JEFFREY PROSSER, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

Richard L. Horwitz, Esquire, and Suzanne M. Hill, Esquire, of Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Plaintiffs National Rural Utilities Cooperative Finance Corporation, Rural Telephone Finance Cooperative, Sheldon C. Petersen, John J. List, Steven L. Lilly, and R. Wayne Stratton. Of Counsel: Craig A. Hoover, Esquire, Adam K. Levin, Esquire, and Melissa N. Henke, Esquire, of Hogan & Hartson LLP, Washington, D.C. William P. Bowden, Esquire, and Karen B. Skomorucha, Esquire, of Ashby & Geddes, P.A., Wilmington, Delaware. Counsel for Plaintiff Fulbright & Jaworski L.L.P. Of Counsel: Robert G. Newman, Esquire, of Fulbright & Jaworski L.L.P., San Antonio, Texas, and Richard H. Hunter, Esquire, of Hunter Cole & Bennett, Christiansted, St. Croix, United States Virgin Islands. Matthew P. Ward, Esquire, of Womble Carlyle Sandridge & Rice, PLLC, Wilmington, Delaware. Counsel for Plaintiffs Greenlight Capital, Inc., Greenlight Capital Qualified, L.P., Greenlight Capital, L.P., and Greenlight Capital Offshore, Ltd. Of Counsel: Richard B. Zabel, Esquire, James P. Chou, Esquire, and Jamison A. Diehl, Esquire, of Akin Gump Strauss Hauer & Feld LLP, New York, New York.

Lisa C. McLaughlin, Esquire, of Phillips, Goldman & Spence, P.A., Wilmington, Delaware, and Norman A. Abood, Esquire, Toledo, Ohio . Counsel for Defendant Jeffrey Prosser. Adrian Prosser. Pro se. Dawn Prosser. Pro se. John P. Raynor, Esquire. Pro se.

**MEMORANDUM OPINION**

Dated: August 7, 2009
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiffs National Rural Utilities Cooperative Finance Corporation ("CFC"), Rural Telephone Finance Cooperative ("RTFC"), Sheldon C. Peterson ("Peterson"), John J. List ("List"), Steven L. Lilly ("Lilly"), R. Wayne Stratton ("Stratton"), Fulbright & Jaworski, L.L.P. ("Fulbright"), Greenlight Capital, Inc. ("Greenlight Inc."), Greenlight Capital, L.P. ("Greenlight L.P."), Greenlight Capital Qualified, L.P. ("Greenlight Qualified"), and Greenlight Capital Offshore, Ltd. ("Greenlight Offshore") (collectively, "plaintiffs") brought this suit against defendants Jeffrey Prosser ("Prosser"), Dawn Prosser, Adrian Prosser, and John P. Raynor, Esquire ("Raynor") (collectively, "defendants") on February 2, 2009, alleging breach of contract. (D.I. 1) At issue are releases executed in 2006 in conjunction with a litigation settlement. (*Id.*) Plaintiffs allege that defendants breached these releases in December 2008 by bringing claims that are subject to the releases against plaintiffs in the United States District Court for the District of the Virgin Islands. (*Id.*)

Pending before the court are several motions: a motion to refer the case to the Honorable Judith K. Fitzgerald, visiting judge for the United States Bankruptcy Court for the District of Delaware,[1] filed by plaintiffs (D.I. 10); motions to dismiss filed by Dawn Prosser (D.I. 21) and Adrian Prosser (D.I. 24); a motion to dismiss or, in the alternative, to stay filed by Prosser (D.I. 39); a motion to dismiss and for sanctions filed by Raynor (D.I. 22); a motion for preliminary injunction filed by plaintiffs (D.I. 28); a motion to strike Dawn Prosser's reply brief filed in connection with her motion to dismiss or, in the

---

[1] Judge Fitzgerald sits as a judge for the United States Bankruptcy Court for the Western District of Pennsylvania.

alternative, for leave to file a surreply filed by plaintiffs (D.I. 45); and a motion to strike the declaration of William R. Greendyke, Esquire, filed by Raynor (D.I. 52). The court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons that follow, the court grants the motion to refer the case and, consequently, denies the remaining motions without prejudice to renew.

## II. BACKGROUND

### A. The Parties

CFC and RTFC are not-for-profit cooperative associations organized under the laws of the District of Columbia with their respective principal places of business in Herndon, Virginia. (D.I. 1 at ¶¶ 8-9) CFC lends money to its rural utility system members to enable them to acquire, construct, and operate facilities related to the generation, transmission, and distribution of electricity. (*Id.* at ¶ 25) RTFC is a member of CFC and is in the business of providing, securing, and arranging financing for its rural telecommunications members and their affiliates. (*Id.* at ¶ 26) The four individuals named as plaintiffs all have some connection with CFC, RTFC or both: Petersen is the governor and chief executive officer of CFC and RTFC; Lilly is the senior vice president and chief financial officer of CFC and RTFC; List is the senior vice president of members services and general counsel of CFC and RTFC; and Stratton is a member of CFC's Board of Directors. (*Id.* at ¶¶ 10-13) Fulbright is a law firm that has served as litigation counsel to CFC, RTFC, Lilly, and List. (*Id.* at ¶ 14) The remaining plaintiffs, Greenlight Inc., Greenlight Capital, Greenlight Qualified, and Greenlight Offshore (collectively, "the Greenlight entities"), are investments funds and, outside of litigation,

are not connected with the other plaintiffs. (*Id.* at ¶¶ 15-17, 27)  Greenlight Inc. is the investment manager of the Greenlight entities. (*Id.* at ¶ 27)

Prosser has presided or does now preside over a group of interrelated telecommunications and media companies located primarily in the Caribbean. (*Id.* at ¶ 28)  Prosser and his wife Dawn Prosser own Innovative Communication Company, LLC ("ICC-LLC"). (*Id.* at ¶¶ 18, 32, 34)  ICC-LLC is the parent company of Emerging Communications, Inc. ("ECI"), which is the parent company of Innovative Communication Corporation ("ICC"). (*Id.* at ¶ 31)  ICC is in the business of furnishing telephone, cable television, and other communication services and facilities in an around the Caribbean, including the U.S. Virgin Islands. (*Id.* at ¶¶ 29, 31)  ICC is also the parent company of the Virgin Islands Telephone Company ("Vitelco"), which is the incumbent local landline telephone company in the Virgin Islands. (*Id.* at ¶ 30)  Prosser was chief executive officer, president, and chairman of the board of ICC, a member of the board of Vitelco, and the sole managing member of ICC-LLC. (*Id.* at ¶ 32)  Raynor was a member of the boards of both ICC and Vitelco and has served as a consultant and attorney to ICC. (*Id.* at ¶ 33)  Adrian Prosser (Prosser's son) was a management employee of ICC. (*Id.* at ¶¶ 20, 34)

### B. The Events Leading to the Instant Suit

This suit arises from two, ultimately intertwining, sets of events.  The first set of events stems from a 1998 transaction in which ICC-LLC took ECI private, that is, ICC-LLC (already owner of 52% of ECI) purchased ECI's publicly-owned shares. (*Id.* at ¶ 37)  After the privatization transaction was complete, the Greenlight entities sued ICC-

LLC, Prosser, Raynor, ECI, and others in the Delaware Court of Chancery for breach of fiduciary duties and sought, *inter alia*, appraisal of their shares. (*Id.* at ¶¶ 38-39) In June 2004, Prosser and Raynor were found liable for breach of fiduciary duties and had judgments entered against them ("the Greenlight judgments") that, with interest to date, total more than $160 million. (*Id.* at ¶ 39) In February 2006, after ICC-LLC, ECI, and Prosser failed to pay the Greenlight judgments, the Greenlight entities filed involuntary chapter 11 petitions against ICC-LLC, ECI, and Prosser in the United States Bankruptcy Court for the District of Delaware ("the Delaware bankruptcy proceeding"). (*Id.* at ¶ 40) Judge Fitzgerald presides over the Delaware bankruptcy proceeding.

The second set of events stems from loans made by RTFC to ICC between 1987 and 2001. (*Id.* at ¶ 41) Vitelco was a member of RTFC and, during the period, RTFC made several loans to Vitelco's parent, ICC, totaling in excess of $500 million. (*Id.*) In connection with these loans, RTFC obtained various guaranties and security interests from others, including ICC-LLC, ECI, and Prosser. (*Id.*) In April 2003, following negotiations, RTFC and ICC amended their loan agreements and, in connection therewith, RTFC obtained additional guaranties and security interests from, *inter alia*, ECI and Prosser. (*Id.* at ¶ 42)

In 2004, RTFC sued ICC for defaulting under the amended loan agreement. (*Id.* at ¶ 43) ICC and Vitelco countersued both CFC and RTFC, and so commenced protracted litigation between CFC/RTFC, on the one side, and Prosser/Raynor and their companies on the other. Indeed, by 2006, there were eight lawsuits pending in the United States District Court for the District of the Virgin Islands between CFC and/or

RTFC and Prosser and/or his companies (referred to collectively herein as the "RTFC loan default litigation") . (*Id.* at ¶ 44)

During the course of the RTFC loan default litigation, Prosser and his companies asserted claims against most of the plaintiffs. (*Id.* at ¶ 45) Many of the claims were premised on a core set of allegations: that CFC unlawfully "controls" and "manipulates" RTFC; that CFC and RTFC have engaged in a long-standing "scheme" to subsidize RTFC and to "misappropriate" RTFC's and its members' funds while interfering with ICC's ability to perform its loan obligations to RTFC; and "retaliation" against Prosser and his companies as a result of Prosser's having discovered this "scheme." (*Id.* at ¶ 46) Vitelco and ICC also asserted claims against CFC, RTFC, and the Greenlight entities premised on some of these same allegations along with allegations that the Greenlight entities' commencement of the Delaware bankruptcy proceeding was part of a "joint venture" between the Greenlight entities and RTFC to take over Vitelco and ICC. (*Id.* at ¶ 47)

In 2006, the two sets of events became intertwined through a series of settlement agreements. On April 26, 2006, the parties involved in the RTFC loan default litigation and the Delaware bankruptcy proceedings executed the Terms and Conditions of Settlement of Claims of RTFC, CFC, Prosser Parties, and Greenlight Entities (the "Terms and Conditions"). (*Id.* at ¶ 48) In addition to the 2006 Terms and Conditions, two other agreements were subsequently executed: the Release in Full of RTFC, CFC, Lilly and List (the "RTFC Release") and a release of the Greenlight entities (the "Greenlight Release"). (*Id.* at ¶¶ 54, 72)

Pursuant to the Terms and Conditions, Prosser and his companies' claims in the RTFC loan default litigation were dismissed and ICC was adjudged liable for $524 million in favor of RTFC, with Prosser jointly and severally liable for up to $100 million of that judgment (the RTFC judgments"). (*Id.* at ¶ 49) All appeals of the Greenlight judgments were also dismissed and, at the request of Prosser and his companies, the stay was lifted in the Delaware bankruptcy proceeding to allow implementation of the settlement. (*Id.* at ¶ 50) Finally, the Terms and Conditions provided that Prosser and his companies could discharge the RTFC and Greenlight judgments for a discounted payment on or before July 31, 2006; if they did not, documents put into escrow by RTFC, CFC, and the Greenlight entities "as necessary to permit the Prosser Parties to [make the discounted payment]"– mutual releases, discharges of liens, confidentiality agreements, etc.– would become void. (*Id.* at ¶ 52; D.I. 50, ex. A at 5)

Prosser and his companies did not make the discounted payment on July 31, 2006. (D.I. 1 at ¶ 52) Instead, Prosser, ICC-LLC, and ECI filed voluntary bankruptcy petitions in the United States Bankruptcy Court for the District of the Virgin Islands (the "Virgin Islands bankruptcy court"). (*Id.*) The Greenlight entities subsequently filed an involuntary petition for relief against ICC, which is still pending.[2] (*Id.* at ¶ 53) Both RTFC and the Greenlight entities filed claims as creditors against Prosser, ECI, ICC-LLC, and ICC in the Virgin Islands bankruptcy proceeding. (*Id.* at ¶ 95) Judge Fitzgerald also presides over the Virgin Islands bankruptcy proceeding.

---

[2]The pending bankruptcy proceedings of Prosser, ICC-LLC, ECI, and ICC before the Virgin Islands bankruptcy court are referred to collectively here as the "Virgin Islands bankruptcy proceeding."

Despite the settlement agreements in 2006, much litigation followed. In April 2008, Prosser and Raynor sued CFC and others in the United States District Court for the District fo Columbia (the "D.C. Action") based on allegations similar to those made in the RTFC loan default litigation.[3] (*Id.* at ¶¶ 99-100) Also in April 2008, Prosser filed objections to claims made by RTFC and the Greenlight entities in the Virgin Islands bankruptcy proceeding, raising (in his objection to RTFC's claim) allegations similar to those made in the RTFC loan default litigation.[4] (*Id.* at ¶ 95) Likewise, on December 7, 2008, defendants field suit in the United States District Court for the District of the Virgin Islands against plaintiffs (the "2008 Virgin Islands action"), again making allegations similar to those made in the previous litigation. (*Id.* at ¶¶ 86-89)

Plaintiffs bring the instant suit to enjoin the 2008 Virgin Islands action, arguing that the 2008 Virgin Islands action constitutes a breach of the RTFC Release and the Greenlight Release. Both Releases and the Terms and Conditions provide:

> "[A]ny litigation enforcing the terms and conditions herein, or otherwise related in any way to the matters addressed herein . . . shall be brought exclusively in the United States Bankruptcy Court for the District of Delaware . . . or in the United States District Court for the District of Delaware . . . to the extent that the Bankruptcy Court cannot or will not exercise jurisdiction."

(*E.g.*, D.I. 50, ex. A at 2; D.I. 12, ex. 1 at 6; D.I. 12, ex. 2 at 5)

### III. DISCUSSION

The court limits its discussion to plaintiffs' motion to refer the case to Judge Fitzgerald. The district court may refer to the bankruptcy court any matter that is "at

---

[3]CFC's motion to dismiss was granted in May 2008. (D.I. 1 at ¶¶ 101-103)

[4]Prosser's objection to RTFC's claim was stricken in July 2008. (D.I. 1 at ¶ 98)

least related to [a] bankruptcy." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 264 (3d Cir. 1991) (internal quotations omitted); *see also* 28 U.S.C. § 157(a). A matter is "related to" a bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Marcus Hook*, 943 F.2d at 264 (original emphasis omitted). "Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on 'the debtor's rights, liabilities, options, or freedom of action' or the 'handling and administration of the bankruptcy estate.'" *Id.* (quoting *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989)).

It is clear to the court that the outcome in the proceeding *sub judice* could have an effect on the estates being administered in the Delaware and Virgin Islands bankruptcy proceedings. To wit, the 2008 Virgin Islands action is based in part on injury to Prosser's companies now in bankruptcy, meaning that any recovery in that action would belong, at least in part, to those bankruptcy estates. Because the present action concerns whether the Releases bar the 2008 Virgin Islands action, it conceivably affects the estates' ability to recovery in the 2008 Virgin Islands action. Accordingly, for at least this reason, the court concludes that it may properly refer this matter to the bankruptcy court.[5]

Moreover, the court concludes that referral is appropriate. First, the parties agreed in the Releases that the United States Bankruptcy Court for the District of

---

[5]"Related to" jurisdiction includes "litigation between third parties that has an effect on the [bankruptcy] estate." *In re Federal-Mogul Global, Inc.*, 282 B.R. 301, 305 (D. Del. Bankr. 2002) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995)). Thus, to the extent that the instant case involves third parties not named in the bankruptcy cases but whose claims could affect the estates, bankruptcy court jurisdiction is proper.

8

Delaware is a proper venue, and the court will enforce that forum selection agreement "unless the party objecting to its enforcement demonstrates that enforcement of the clause would violate a strong public policy of the forum." *In re Exides Techs.*, 544 F.3d 196, 218 n.15 (3d Cir. 2008); *see also Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1218-19 (3d Cir. 1991). Defendants have not made this showing.

Second, referral to the bankruptcy court promotes judicial economy. The court assumes that this case will be assigned to Judge Fitzgerald, who already presides over both the Delaware and Virgin Islands bankruptcy proceedings and is familiar with the parties and the convoluted facts underlying this case. Judge Fitzgerald has already had occasion to construe the Releases at issue. The court, then, deems it an appropriate exercise of discretion to refer the instant case to the bankruptcy court.

## IV. CONCLUSION

For the aforementioned reasons, the court grants plaintiffs' motion to refer the case (D.I. 10) and denies all other motions (D.I. 21, 22, 24, 28, 39, 45, 52) without prejudice to renew. An appropriate order shall issue.