IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONAL RURAL UTILITIES COOPERATIVE FINANCE CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JEFFREY PROSSER, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 09-111-SLR <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM ORDER**

At Wilmington this 1st day of December, 2009, having considered defendants' motion for reconsideration and plaintiffs' response thereto;

IT IS ORDERED that said motion (D.I. 57) is denied, for the reasons that follow:

1. **Background.** By memorandum opinion and order dated August 7, 2009 (D.I. 55, 56), I granted plaintiffs' motion to refer the above captioned case to the United States Bankruptcy Court for the District of Delaware. The history of this, and related, litigation is complex and adequately explained in the August 7, 2009 opinion. In summary, however, by 2006, there were multiple lawsuits pending in the United States District Court for the District of the Virgin Islands between various of the plaintiffs and defendants at bar, as well as involuntary bankruptcy proceedings pending in the Delaware bankruptcy court against defendant Jeffrey Prosser ("Prosser") and two

companies owned by Prosser[1] (the "ICC debtors"). In 2006, certain of the parties resolved the above disputes through a negotiated settlement ("the 2006 settlement"), which included releases executed in connection therewith. Rather than satisfy certain of the judgments entered against him pursuant to the 2006 settlement, defendant Jeffrey Prosser filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the District of the Virgin Islands,[2] and defendants filed suit in the United States District Court for the District of the Virgin Islands against plaintiffs at bar (the "2008 Virgin Islands action"). The crux of the 2008 Virgin Islands action is that plaintiffs at bar conspired to misappropriate funds belonging to the ICC debtors and to strip defendants of their interests in the ICC debtors. Plaintiffs brought the instant lawsuit to enjoin the 2008 Virgin Islands action, arguing that defendants breached certain releases executed in connection with the 2006 settlement by commencing that litigation. Consistent with forum selection clauses contained in the releases,[3] the litigation was referred to the

---

[1] Innovative Communication Company, LLC ("ICC-LLC") and Emerging Communications, Inc. ("ECI"). Prosser and his wife, defendant Dawn Prosser, own ICC-LLC, which is the parent company of ECI, which is the parent company of Innovative Communication Corporation ("ICC"). ICC is in the business of furnishing telephone, cable television, and other communication services and facilities in and around the Caribbean, including the U.S. Virgin Islands. Defendant John P. Raynor, Esquire, was a member of the Board of Directors of ICC; defendant Adrian Prosser was a management employee of ICC.

[2] The Honorable Judith K. Fitzgerald presides over both the Delaware and Virgin Islands bankruptcy proceedings.

[3] "[A]ny litigation enforcing the terms and conditions herein, or otherwise related in any way to the matters addressed herein . . . shall be brought exclusively in the United States Bankruptcy Court for the District of Delaware . . . or in the United States District Court for the District of Delaware . . . to the extent that the Bankruptcy Court cannot or will not exercise jurisdiction." (D.I. 50, ex. A at 2)

Delaware bankruptcy court.

2. **Standard of review.** Defendants bring their motion for reconsideration pursuant to D. Del. LR 7.1.5, which provides that motions for reargument "shall be sparingly granted," generally only "when (i) the court has patently misunderstood a party; (ii) the court has made a decision outside of the adversarial issues presented to the court by the parties; or (iii) the court has made an error not of reasoning but of apprehension." *Inline Connection Corp. v. AOL Time Warner Inc.*, 395 F. Supp. 2d 115, 118 (D. Del. 2005) (citations omitted). The question posed by such a motion is whether the court understood and addressed the issues presented by the parties. Certainly such a motion does not present an opportunity to either "rehash arguments which have already been briefed by the parties and considered and decided by the court," *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005), or to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided," *In re W.R. Grace & Co.*, 398 B.R. 368, 372 (D. Del. 2008) (citations omitted).

3. **Analysis.** Defendants posit four grounds in support of their motion, based in part on the fact that, because the court did not entertain oral argument on the referral motion, the court must have "either misunderstood, not considered, or misapprehended" the "due process implications" underlying defendants' motion. (D.I. 58 at 3) Before specifically addressing the four grounds *seriatim*, let me emphasize that oral argument is the exception, not the rule, in most civil cases and, therefore, I reject emphatically the notion that defendants have any due process expectations in this

3

regard.

a. **Subject matter jurisdiction.** Defendants argue that, because this court lacks subject matter jurisdiction over the complaint at bar in the first instance, it cannot refer the matter to the bankruptcy court. A careful reading of the statutory scheme disclosed in 28 U.S.C. §§ 157 and 1334 proves defendants wrong. Section 1334 reads in relevant part:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) **Except as provided in subsection (e)(2),** and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, **the district courts shall have original but not exclusive jurisdiction of all civil proceedings** arising under title 11, or arising in or **related to cases under title 11 . . . .**
>
> (e) The district court in which a case under title 11 is commenced or is pending shall have **exclusive jurisdiction - -**
>
> (1) **of all the property**, wherever located, **of the debtor** as of the commencement of such case, **and of property of the estate**; and
>
> (2) over all claims or causes of action that involve construction of section 327 of title 11, United States Code, or rules relating to disclosure requirements under section 327.

(emphasis added) The bases for jurisdiction under § 1334 mirror the bases for referral to a bankruptcy court under the referral statute, 28 U.S.C. § 157(a).[4]

b. With respect to jurisdiction under § 1334(b), a civil proceeding is sufficiently "related to" a bankruptcy case if "the outcome of that proceeding could

---

[4]Section 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."

4

conceivably have any effect on the estate being administered in bankruptcy." *In re Marcus Hook Dev't Park, Inc.*, 943 F.2d 261, 264 (3d Cir. 1991) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Defendants do not specifically argue that the complaint at bar is not "related to" a case under title 11. Instead, they argue that § 1334(e) strips this court of subject matter jurisdiction.

      c. Contrary to defendants' argument, neither subsections (e)(1) nor (e)(2) apply to the facts at bar. The instant litigation is a contract action for injunctive and other relief seeking to enforce those certain releases discussed above. Plaintiffs are seeking to enforce the releases, not seeking ownership or rights in the property of the debtors' estates. *See, e.g., In re CitX Corp.*, 302 B.R. 144, 161 n.10 (Bankr. E.D. Pa. 2003) ("unless an action involves the actual recovery of property of the estate, rather than reparations paid for damages suffered, the action may proceed" in a "non-bankruptcy forum"); *cf., Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228, 1235 n.10 (3d Cir. 1994) (recognizing propriety of removal under 28 U.S.C. § 1452 to a district court - not the court under which the related bankruptcy case was pending - to hear a civil proceeding related to the bankruptcy case, pursuant to § 1334). Therefore, § 1334(e)(1) does not divest this court of subject matter jurisdiction. Moreover, subsection (e)(2), which provides for the presiding bankruptcy court's exclusive jurisdiction over claims and causes of action regarding a trustee's employment of professionals, has no relevance to the issues at bar.

      d. **Case or controversy.** Bankruptcy courts are empowered to issue injunctions pursuant to 11 U.S.C. § 105(a), and to decide issues (either as final

decisions or as proposed findings of fact and conclusions of law) consistent with their jurisdiction as prescribed in 28 U.S.C. §§ 157 (c)(1) and (d). There is an immediate question before the court - whether defendants have breached the releases by commencing the 2008 Virgin Islands action - and the bankruptcy court has the authority to review the substantive question and grant relief (or to recommend same to the district court), consistent with its § 1334(b) jurisdiction.

  e. **Jury trial.** Although the bankruptcy court in Delaware is not yet authorized to conduct jury trials, it is entirely appropriate and consistent with my practice to refer matters to the bankruptcy court pretrial.

  f. **Jurisdiction over third parties.** Bankruptcy courts have jurisdiction over "suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards,* 514 U.S. 300, 308 n.5 (1995); *In re Federal-Mogul Global, Inc.,* 282 B.R. 301, 305 (Bankr. D. Del. 2002). Moreover, the Delaware bankruptcy court can exercise jurisdiction over the related third parties at bar, as these defendants are bound by the forum selection clauses in the releases at issue. Such clauses are "prima facie valid," *In re Fruit of the Loom, Inc.*, 407 B.R. 593, 598 (Bankr. D. Del. 2009), and are equally binding on bankruptcy courts. *See, e.g., Street v. The End of the Road Trust*, 386 B.R. 539, 547 (D. Del. 2008).

  g. **Chapter 7 estate.** As described above, in the 2008 Virgin Islands action, defendants at bar seek damages based on pre-petition conduct that allegedly harmed the ICC debtors and defendants' interests therein. It is apparent that the bankruptcy estates of Prosser and the ICC debtors have economic interests in the 2008

Virgin Islands action, which interests will be impacted by any ruling on the validity of the releases at issue. More significantly, by portraying the Delaware involuntary bankruptcy cases as part of an overarching scheme to strip defendants of their control over the ICC debtors, the 2008 Virgin Islands action is a collateral attack on such proceedings. "Related to" jurisdiction under § 1334(b)(2) certainly exists, whether or not the chapter 7 trustee in Prosser's voluntary bankruptcy case has an interest.

      h. **Judicial economy.** The interest of judicial economy can never be the sole consideration justifying a referral, but is always an appropriate consideration once jurisdiction has been independently established. Therefore, there was no error in my taking into account Judge Fitzgerald's history with the parties and the underlying litigation when granting the motion.

                                                */s/ Sue L. Robinson*
                                        United States District Judge